UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/ GREENWOOD DIVISION

| | | |
|---|---|---|
| Willie A. Sullivan, #275021, | ) | |
| | ) | C/A No.: 8:07-3003-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Director of SCDC Jon Ozmint, | ) | |
| and Warden Tim Riley | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on September 3, 2008 and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff filed this action on August 28, 2007, pursuant to 42 U.S.C. § 1983. The plaintiff filed a motion for summary judgment on March 14, 2008. The defendants filed a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on March 26, 2008. An order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), was issued by the magistrate on March 27, 2008. The defendants filed a response in opposition to the plaintiff's motion on April 1, 2008. Plaintiff filed a response in opposition to the motion for summary judgment on May 1, 2008. The magistrate now recommends denying Plaintiff's Motion for Summary Judgment, granting Defendants'

Motion for Summary Judgment and dismissing the Complaint with prejudice. For the reasons stated herein, the Court adopts magistrate's recommendation.

### Background

The plaintiff is an inmate with the South Carolina Department of Corrections ("SCDC") housed at the Tyger River Correctional Institute. In his complaint he states that he is of the Muslim faith and is being denied his First Amendment Right of the free exercise of religion. He states that a policy implemented by the defendant Warden Tim Riley denies him of this right. The policy prohibits Muslims from praying in closed areas such as barber shops and states that they should pray in common areas. The plaintiff requests declaratory and injunctive relief, preliminary injunctive relief prohibiting retaliation, and punitive damages to deter similar actions in the future.

### Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71

(1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff timely filed objections to the Report and Recommendation on September 23, 2008.  Plaintiff raises four objections, and the Court will address each objection.

## Discussion

First, the plaintiff objects to the assertion that the regulations are based on legitimate security concerns because they are ambiguous in nature and applied only to

Muslims making the regulations discriminatory. He argues that there is no justification for the regulation as there have been no incidents or injuries in the space previously provided for them since at least 2001. This is an attack to the analysis under the first consideration of reasonableness listed in the *Turner* case. In *Turner,* the Supreme Court stated that prison regulations may infringe on prisoner's constitutional rights if the regulation is "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). There are four factors to consider in assessing reasonableness; the plaintiff objects to the first. For the first factor, "there must be a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it." *Turner*, 482 U.S. at 89. The regulation's objective must be neutral. *Id.* at 90. The Warden enacted the policy to ensure that the prison environment remain secure. The Warden stated that the limited security personnel are unable to monitor the inmates when they are meeting in private especially in barber shops. The objective is safety. Although the regulation is applied only to Muslims, this is due to the fact that Muslims claim to require meeting space several times throughout the day. The argument that there have not been any incidents is also unpersuasive since the Warden must keep the prison safe and foresee potential security threats. This Court finds that the regulation's objective is neutral reasonably related to legitimate penological interests.

    Secondly, the plaintiff argues that there alternatives offered are unreasonable and do not adhere to SCDC policies as the areas provided are too loud. The policy

states that "a **reasonably** quiet [,] clean location is needed for a Muslim to pray." (SCDC Policy, Handbook of Inmate Religious Practice, Al-Islam, paragraph 7.6, emphasis added). The policy memorandum states that "the back corner of the 'rock' area in living units" is designated for prayer, and when an inmate is at work during prayer times, quiet areas without much traffic such as "the corner of the dining room could be utilized before or after mealtimes" may be utilized for prayer. (Memorandum dated September 13, 2006 signed by Tim Riley).[1] Warden Riley stated in the memorandum that "small closed areas" are not authorized areas for prayer as there is not proper supervision. The Warden stated that the regulation's purpose was to provide opportunities for prayer while maintaining a safe environment. The regulation does not restrict prayer and does not contradict prison policy. The Warden need only provide a "reasonably quiet" location for prayer as is provided. This Court finds the stated areas adequate and conform with SCDC policy. The restriction to pray only in open, supervised areas does not violate the petitioner's First Amendment rights.

Next, the plaintiff objects to the conclusion in the magistrate's report under the fourth factor of the *Turner* reasonableness analysis. The fourth consideration is whether there is an alternative that "indicates that the regulation [was] an exaggerated response by the prison officials." *Id.* at 90. The Supreme Court stated that "if an inmate claimant can point to an alternative that fully accommodates the prisoner's rights at *de minimis* cost to valid penological interests, a court may consider that as

---

[1] A copy of said memorandum is attached.

evidence that the regulation does not satisfy the reasonable relationship standard." *Id*. at 91. The plaintiff argues that there are other alternatives than those stated in the regulation as evidenced by a special accommodation made during the Muslim month of Ramadan that indicates that the regulation too restrictive. However, this is a recognized practice in the handbook and is offered for only one month during the year. (SCDC Policy, Handbook of Inmate Religious Practice, Al-Islam, paragraph 9). The accommodation is offered only to approved participants and has increased security measures. The prison is forced to approve participants, inspect food, and provide extra employees to supervise inmates during Ramadan. This is a special arrangement made for the Muslim inmates once a year; it is not an alternative at *de minimis* cost. This argument is without merit.

Last, the plaintiff objects to the magistrate's assertion that there is no constitutional right to a grievance proceeding. The magistrate properly cited the law as there is not a constitutional guarantee to a grievance procedure established by a state. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119 (1977)(Burger, J., concurring opinion); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994). If a institution violates a grievance procedure, it does not give rise to a civil rights cause of action. *Adams*, 40 F.3d 72. This magistrate properly addressed this argument.

After considering Plaintiff's objections and the record in this case, this Court finds that the magistrate's Report and Recommendation accurately summarizes this

case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment be GRANTED, Plaintiff's Motion for Summary Judgment be DENIED, and Plaintiff's Complaint be DISMISSED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

October   2  , 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.